# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1992

_____

| | | |
|---|---|---|
| Carl Cibulka, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Trans World Airlines, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:   January 12, 2004

Filed:   January 21, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Carl Cibulka brought a disability discrimination action against Trans World Airlines, Inc. (TWA) in federal district court. TWA filed for bankruptcy, and the district court[*] stayed the discrimination action. Cibulka then filed a claim in the bankruptcy proceeding. TWA filed a motion for sale of substantially all of its assets to American Airlines free and clear of any claims by TWA's employees. At the sale hearing, testimony established that if the sale to American Airlines did not go

_____

[*]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

forward, TWA would likely liquidate, and given its financial condition, TWA's past and current employees would lose their jobs and retirement benefits. The bankruptcy court granted the motion. See In re Trans World Airlines, Inc., 2001 WL 1820325, at *1-2 (Bankr. D. Del. Mar. 27, 2001). The sale order enjoined all persons from seeking to enforce successor liability claims against American. Before TWA's debts were discharged by the bankruptcy court, Cibulka withdrew his claim in bankruptcy and moved to amend his federal discrimination complaint to add American Airlines as TWA's successor. The district court denied the motion to amend and dismissed the action, concluding any liability was discharged in the bankruptcy and American did not assume liability for claims like Cibulka's, which were asserted and then withdrawn from the bankruptcy proceedings.

Cibulka appeals arguing that he is entitled to proceed against American Airlines under the theory of federal successor liability and that the district court's dismissal violates public policy. The Equal Employment Opportunity Commission (EEOC) raised the same arguments in its emergency motion to stay the order granting TWA's motion to sell its assets to American Airlines. See id. The bankruptcy court rejected the arguments. First, the bankruptcy court concluded that both 11 U.S.C. § 363(f) and the bankruptcy court's equitable authority permitted the sale free and clear of successor liability claims. In re TWA, 2001 WL 1820325, at *3-6. The court also held that although there is a strong public interest in enforcement of federal statutes prohibiting discrimination in the workplace, the public interest did not favor jeopardizing the job security of 20,000 TWA employees, including some of the EEOC claimants, at the expense of preserving successor liability claims that would be rendered unenforceable absent a sale of substantially all of TWA's assets as a going concern. Id. at *11.

Later, the Third Circuit affirmed the bankruptcy court's order approving the sale free and clear of successor liability for employment discrimination claims against TWA. In re Trans World Airlines, Inc., 322 F.3d 283, 285 (3d Cir. 2003). After

thoroughly reviewing the relevant law, the court concluded both 11 U.S.C. § 363(f) and the bankruptcy code's priority scheme supported the transfer of TWA's assets free and clear of the discrimination claims. Id. at 288-91.

We agree with the analysis of the bankruptcy court and the Third Circuit. Cibulka is not entitled to proceed on a theory of successor liability against American Airlines, and the district court's dismissal of his action does not violate public policy. We thus affirm the district court. See 8th Cir. R. 47B.

_____